NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES WALDRON and MATTHEW VILLANI, individually and on behalf of all others similarly situated, | : : : : : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION** |
| Plaintiffs, | : : | Civil Action No. 12-CV-02060 (DMC) (JAD) |
| v. | : : | |
| JOS. A. BANK CLOTHIERS, INC., | : : | |
| Defendant. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Jos. A. Bank Clothiers, Inc. ("Defendant" or "Jos. A. Bank") to dismiss the Amended Class Action Complaint ("Amended Complaint") of Plaintiffs James Waldron and Matthew Villani, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). (Am. Compl., Sept. 6, 2012, ECF No. 16). Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons expressed herein that Defendant's Motion to Dismiss is **granted without prejudice**. Defendant's subsequent Motion to Strike Class Allegations of the Amended Class Action Complaint is thus moot. (Mot. to Strike, Sept. 6, 2012, ECF No. 17).

**I.    BACKGROUND**

---

1   The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

1

On April 5, 2012, Plaintiffs filed the original two-count complaint. (Compl., Apr. 5, 2012, ECF No. 1). Defendant responded by filing a Motion to Dismiss and a Motion to Strike. Plaintiffs then sought leave to amend their claims and filed an Amended Complaint. (Am. Compl., Aug. 6, 2012, ECF No. 15). Plaintiffs assert an alleged violation of the New Jersey Consumer Fraud Act ("NJCFA") and claims of unjust enrichment and common law restitution.

Jos. A. Bank was established in 1905 and is one of the nation's leading retailers of men's classically-styled tailored and casual clothing, sportswear, footwear, and accessories. (Am. Compl. ¶ 22). Jos. A. Bank has over 500 stores in forty-two (42) states and the District of Columbia. (Am. Compl. ¶¶ 22). Jos. A. Bank advertises, markets, and promotes merchandise on its website through direct mail marketings, catalogs, and television and radio commercials. (Am. Compl. ¶ 23). The company also maintains an e-commerce website which allows consumers throughout the United States to view advertising and promotional material and purchase Jos. A. Bank merchandise. (Am. Compl. ¶ 23). Plaintiffs allege that "[t]he majority of Jos. A. Bank's merchandise has been continually on sale for the past several years, even though each advertised sale is described as being of limited duration, thus creating the false and misleading impression that the price will increase back to the 'regular price' if a consumer does not make a purchase by the end of the sale." (Am. Compl. ¶ 26).

Plaintiffs further alleges that Jos. A. Bank deceives consumers through its Corporate Card Program. Consumers may provide their name and address to Jos. A. Bank, and in exchange, receive a Corporate Card that offers twenty (20) percent off its regular priced merchandise. (Am. Compl. ¶ 26). Plaintiffs allege that the Consumer Card program offers sales "not available to the general public," but that these sales were not, in actuality, exclusive. (Am. Compl. ¶ 29).

2

Defendant now moves to dismiss the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(1). (Am. Compl. ¶ 29).

## II. LEGAL STANDARD

### A. Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FED. R. CIV. P. 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D. N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

    B.    FED. R. CIV. P. 12(b)1

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

    C.    FED. R. CIV. P. 8(a) and 9(b)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Fraud-based claims are subject to FED. R. CIV. P. 9(b). Dewey v. Volkswagon, 558 F.Supp.2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).").

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.' " Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223–224 (3d Cir. 2004). To satisfy this standard, the Plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

### III. DISCUSSION

#### A. NJCFA Claims

In Count I of their Amended Complaint, Plaintiffs allege violations of the NJCFA. The relevant provision of the NJCFA provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N.J. Stat. Ann. § 56:8-2. Private causes of action are authorized under N.J. Stat. Ann. § 56:8-19. To state a claim under the NJCFA, a plaintiff must establish "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Mercado v. Bank of America, N.A., 2012 WL 5629749, at * 2 (D.N.J. Nov. 15, 2012) (quoting Bosland v. Warnock, Dodge, Inc., 197 N.J. 543, 557 (2009)).

1.      **Unlawful Conduct**

To constitute consumer fraud, "the business practice in question must be misleading and stand outside the norm of reasonable business practice in that it will victimize the average consumer." <u>Turf Lawnmower Repair, Inc.v. Bergen Record Corp.</u>, 655 A.2d 417, 430 (N.J. 1995). It is common practice for retail marketing to advertise promotions and sales events throughout any given year. Plaintiffs do not lend factual support to their conclusion that Jos. A. Bank's practices deviate from the norm of reasonable business practice and instead attempt to shift the burden to Jos. A. Bank to demonstrate other retail marketing practices. (Pls.' Opp. Br. 14, Sept. 27, 2012, ECF No. 18). Plaintiffs allege that Jos. A. Bank entered into an Assurance of Discontinuance ("the Assurance") with the Attorney General of the State of New York, in which the Company agreed not to advertise, offer, or sell any item at a "sale" or discount from a purported "regular" price, unless the price is the "actual bona fide price at which the item was openly offered for sale by Jos. A Bank." (Am. Compl. ¶ 31). However, Plaintiffs allege no facts linking the Assurance with the instant matter nor do they assert that Jos. A. Bank's current marketing practices are identical to the advertising methods utilized before the Assurance was entered into.

Even after amendment, the Amended Complaint still fails to meet the particularity standard set forth in Rule 9(b). Plaintiffs have alleged that Jos. A. Bank misrepresented the regular pricing of its merchandise, yet have not provided any facts which demonstrate that the "sale" price offered is identical to the true regular price of the merchandise and thus a misrepresentation. Furthermore, Plaintiffs identify and quote from documents and advertisements identifying sales at Jos. A. Bank throughout one calendar year. (Pls.' Opp. Br. 19-20; Am. Compl. ¶¶ 4, 28-30). Plaintiffs seek remedies for a nationwide class that purchased

merchandise from Jos. A. Bank during a more than six year class period, yet no allegations as to misleading sales are made prior to August 5, 2011.  Plaintiffs have thus failed to allege sufficient facts with particularity to demonstrate a plausible claim of any unlawful conduct by Defendant.

### 2. Ascertainable Loss

This Court's inquiry into whether Plaintiffs' NJCFA claims are sustainable depends, in part, on whether Plaintiffs have suffered an ascertainable loss.  Plaintiffs argue that their NJCFA claims are sustainable based on the "benefit-of-the-bargain" theory, which allows for recovery of the difference between price paid and the value of the property had the representations been true. (Pls.' Opp. Br. 24) (citing McConkey v. AON Corp., 354 N.J. Supper. 25, 52 (App. Div. 2002)). Plaintiffs have failed to adequately plead that they suffered an ascertainable loss.

Plaintiffs assert that, because the allegations of Jos. A. Bank's advertising practices span an extended period of time, "Plaintiffs need not list each and every instance of such misrepresentations."  (See Pls.' Opp. Br. 13) (citing Ticketmaster L.L.C. v. RMG Techs., No. 07-2534, 2007 WL 2989504, at *2 (C.D. Cal Oct. 12, 2009)).  Plaintiffs allege only that "the ascertainable loss suffered by Plaintiffs is the difference between what the regular price actually was and what the discount price should have been" yet have failed to provide this Court with even a vague estimate of that figure or facts suggesting one exists. (Pls.' Opp. Br. 23).

Otherwise fatal to Plaintiffs' claim is the failure of proof problem with the contention that Plaintiffs "would have paid substantially less for the merchandise" had Jos. A. Bank suits *not* been on sale every day.  (Pl.'s Opp. Br. 8).  In support of this argument, Plaintiffs rely only on speculation of what future discovery will yield, i.e. that the regular price of Jos. A. Bank suits was *never* the regular price indicated.  (Pl.'s Opp. Br. 14).  Without more, such allegations do not satisfy the NJCFA's "ascertainable loss" requirement.  See Bowman v. RAM Medical, Inc.,

No. 10-cv-4403, 2012 WL 1964452, at *4 (D.N.J. May 31, 2012); Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 115 (App. Div. 2009).  Plaintiffs have not alleged that the product was defective nor that they did receive what they were promised.  Plaintiff Matthew Villani, for example, does not allege that he purchased two suits but did not receive seventy (70) percent off the price of the suits.  (See Am. Compl. at ¶ 10).  Nor do Plaintiffs allege that they were dissatisfied with the product, demanded a refund, or had their refund refused.  Plaintiffs' claimed monetary loss is thus purely hypothetical and speculative.  Therefore, the facts as alleged in the complaint do not constitute an "ascertainable loss" under N.J.S.A. 56:8-19.  See Hoffman, 405 N.J. Super. at 115.  Plaintiffs have thus failed to state a claim upon which relief can be granted under the NJCFA and Count I is dismissed.

**B.     Unjust Enrichment and Restitution Claims**

In Count II of the Amended Complaint, Plaintiffs allege unjust enrichment and seek restitution.  The Amended Complaint alleges that: (1) as a result of Jos. A. Bank's wrongful and deceptive conduct, Plaintiffs have suffered a detriment while Jos. A. Bank received a benefit, and (2) Jos. A. Bank's misleading, inaccurate and deceptive marketing cultivates the perception that consumer[s] are being offered a discount from the Company's regular prices when, in fact, they are not." (Am. Compl. ¶¶ 45-46).  Plaintiffs maintain that, had Jos. A. Bank not represented that items were "on sale," Plaintiffs would not have purchased Jos. A. Bank merchandise, or would have paid significantly less for it.

"To establish unjust enrichment, a plaintiff must show that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. V. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994) (internal citations omitted).  The doctrine of unjust

---

2As the first two required elements to successfully state a claim under claim under the NJCFA, the final element, a causal relationship between the unlawful conduct and the ascertainable loss, need not be discussed by this Court.

enrichment "requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and the failure of remuneration enriched defendant beyond its contractual rights." Slack v. Suburban Propane Partners, L.P., No. 10-2548, 2010 WL 5392845, at * 9 (D.N.J. 2010) (citing VRG Corp., 641 A.2d at 526).

Although Plaintiffs are permitted to plead in the alternative, Plaintiffs' Complaint does not allege that Plaintiffs were made to pay a price other than the one advertised nor that the Defendants did not deliver the merchandise advertised and promised. (See Am. Compl. ¶¶ 9-11). Because Plaintiffs received the merchandise they paid for, Plaintiffs have failed to a state a claim for unjust enrichment that is plausible on its face. See Slack, 2010 WL 5392845, at *9 (dismissing an unjust enrichment claim "[b]ecause Plaintiffs received the propane they paid for"); see also In re Toshiba Am. HD DVD Mktg. & Sales Practices Litig., Civ. 08-939, 2009 WL 2940081 at *14 (D.N.J. Sept. 11, 2009) (finding "Plaintiffs paid for HD DVD Players capable of playing HD DVDs and that is exactly what they received" and dismissing the unjust enrichment claim). Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted for unjust enrichment and Count II of the Amended Complaint is dismissed.

    **C.**    **Plaintiffs' Standing to Seek Injunctive Relief and Damages**

Plaintiffs seek "an injunction preventing Jos. A. Bank from using promotional material and advertising campaigns that are misleading and deceptive and that have the capacity to mislead consumers to believe they are being offered a discount from the Company's regular prices, when in fact, that are not." (Am. Compl. ¶ B). Plaintiffs also seek compensatory and treble damages. (Am. Comp. ¶¶ F, G). Jos. A. Bank asserts Plaintiffs do not have standing under Article III of the U.S. Constitution to obtain such relief. (Def.'s Br. 37). A plaintiff has standing when three elements are demonstrated:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized; (b) actual or imminent, not conjectural or 'hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision.

Lujan v. Defendants of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). "In the class action context, that requirement must be satisfied by at least one named plaintiff." McNair v. Synapse Group, Inc., 672 F.3d 213, 223 (3d Cir. 2012).

In order for a federal court to properly assert power over a case, a plaintiff must show he has suffered an injury which will likely be redressed by a decision in his favor. Brown v. Fauver, 819 F.2d 395, 400 (3d Cir.1987). The type of relief sought is highly relevant in determining whether a particular plaintiff has standing. Id. Thus, it is possible that a plaintiff has standing to sue for damages but not for injunctive relief. Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Ashcroft v. Mattis, 431 U.S. 171 (1977); Warth v. Seldin, 422 U.S. 490 (1975); O'Shea v. Littleton, 414 U.S. 488 (1974)). Where a plaintiff has made a showing of past injury sufficient to establish standing to sue for damages, he must also show "a real and immediate threat that he would again" suffer the injury in order to obtain standing for prospective relief. Brown, 819 F.2d at 400 (quoting Lyons, 461 U.S. at 105).

Under any interpretation of the facts of this case, Plaintiffs have failed to establish a real and immediate threat that they will suffer an injury as the result of any actions or policies of Defendant. Plaintiffs do not allege any intent or desire to purchase merchandise from Defendants in the future. The idea that Plaintiffs may subsequently be exposed to Defendant's advertising techniques is an insufficient basis for standing. See McNair v. Synapse Group, Inc.,

10

672 F. 3d 213, 224 (3d Cir. 2012) (dismissing a claim for injunctive relief because "the wholly conjectural future injury [the plaintiffs] rely on does not, and cannot, satisfy the constitutional requirement that a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm").  Therefore, it is the finding of this Court that Plaintiffs have failed to show a real or immediate threat, or even likelihood, that they will suffer future injury as a result of advertising done by Jos. A. Bank.  Plaintiffs have similarly not provided any calculations for this Court to evaluate demonstrating a mark-up of price or what the average "regular" price to be paid for the merchandise in question was.  Cf. Smith v. Chrysler Financial Co., LLC, No. 00-CV-6003, 2004 WL 3201002, at *3 (D.N.J. Dec. 30, 2004) .  Thus, Plaintiffs have  not alleged Plaintiffs are without standing to sue for injunctive relief or damages.

      IV.    <u>CONCLUSION</u>

Accordingly, we find that Plaintiffs have failed to adequately plead a claim upon which relief can be granted and Defendant's Motion to Dismiss is **granted without prejudice**.


        S/ Dennis M. Cavanaugh  
        Dennis M. Cavanaugh  U.S.D.J.

Date:        January  28 , 2013  
cc:        All Counsel of Record  
        Hon. J. A. Dickson, U.S.M.J.  
        File